**WARD**

v.

**ANDERSON, Secretary of Navy.**

**No. 11537.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 8, 1953.

Decided Nov. 27, 1953.

Mr. Marcus Borchardt, Washington, D. C., for appellant.

Mr. E. Riley Casey, Asst. U. S. Atty., Washington, D. C., with whom Mr. Ross O'Donoghue, Asst. U. S. Atty., Washington, D. C., at time of argument, was on the brief for appellee. Messrs. Charles M. Irelan, U. S. Atty., and William R. Glendon, Asst. U. S. Atty., Washington, D. C., at time brief was filed, were also on the brief for appellee. Messrs. Joseph M. Howard and William E. Kirk, Jr., Asst. U. S. Attys., Washington, D. C., at time record was filed, entered appearances for appellee. Messrs. Leo A. Rover, U. S. Atty., Washington, D. C., also entered an appearance for appellee. Mr. William J. Peck, Asst. U. S. Atty., Washington, D. C., at time of argument, also entered an appearance for appellee.

Before CLARK, PROCTOR and BAZELON, Circuit Judges.

BAZELON, Circuit Judge.

Appellant sued to have his removal from the classified Civil Service declared illegal and for reinstatement therein. He charged that his removal pursuant to

5 U.S.C.A. § 652(a) [1] "for such cause as will promote the efficiency of such service" was effected (1) through fraud, bad faith and collusion of certain disciplining officials, and (2) in violation of the "performance-rating plan" provisions of 5 U.S.C. § 2005.[2] Appellee moved to dismiss the complaint.

With the complete record of the administrative removal proceedings before it as an exhibit to the complaint, the District Court held the sort of charges of fraud, bad faith and collusion involved here insufficient to warrant judicial review on the merits of the administrative action. It also decided, despite appellant's failure to raise the issue in the administrative proceedings, that § 2005 was inapplicable to a case of this kind.

We agree with the District Court's disposition of the issues of fraud, bad faith and collusion.[3] We cannot agree, however, with its disposition of the issue relating to § 2005.

Appellant was removed under 5 U.S.C.A. § 652(a) which authorizes removal from the classified Civil Service "for such cause as will promote the efficiency of such service." Section 2005 of the same title of the code provides that while an "unsatisfactory performance" rating "shall serve as a basis for removal," no such rating shall be given "without a ninety-day prior warning and a reasonable opportunity to demonstrate satisfactory performance." The "Notification of Personnel Action" issued to appellant ambiguously stated: "Reason for Removal: Unsatisfactory services" and "Performance Rating: Satisfactory." Appellee contends that disciplining officials are not bound to apply § 2005 to all cases. He says, in effect, that even if the words "unsatisfactory performance" used in § 2005 and "unsatisfactory services" given as the reason for appellant's removal are synonymous and the specific basis for removal consists of the sort of matter usually associated with the quality of an employee's performance or services, § 2005 is inapplicable unless the disciplining officials wish to retain the employee's services; that since they did not wish to retain appellant's services, his removal could be effected under §

1. 62 Stat. 355 (1948), 5 U.S.C.A. § 652 (a). This section provides: "No person in the classified civil service of the United States shall be removed or suspended without pay therefrom except for such cause as will promote the efficiency of such service and for reasons given in writing. Any person whose removal or suspension without pay is sought shall (1) have notice of the same and of any charges preferred against him; (2) be furnished with a copy of such charges; (3) be allowed a reasonable time for filing a written answer to such charges, with affidavits; and (4) be furnished at the earliest practicable date with a written decision on such answer. No examination of witnesses nor any trial or hearing shall be required except in the discretion of the officer or employee directing the removal or suspension without pay. Copies of the charges, the notice of hearing, the answer, the reasons for removal or suspension without pay, and the order of removal or suspension without pay shall be made a part of the records of the proper department or agency, as shall also the reasons for reduction in grade or compensation; and copies of the same shall be furnished, upon request, to the person effected and to the Civil Service Commission. This subsection shall apply to a person within the purview of section 14 of the Veterans' Preference Act of 1944, as amended, only if he so elects."

2. 64 Stat. 1099 (1950), 5 U.S.C.A. § 2005. This section provides in pertinent part that "Each performance-rating plan shall provide for ratings representing at least (1) satisfactory performance, corresponding to an efficiency rating of 'good' under the Veterans' Preference Act of 1944, as amended, and under laws superseded by this Act; (2) unsatisfactory performance, which shall serve as a basis for removal from the position in which such unsatisfactory performance was rendered; * * *. No officer or employee shall be rated unsatisfactory without a ninety-day prior warning and a reasonable opportunity to demonstrate satisfactory performance."

3. Powell v. Brannan, 1952, 91 U.S.App. D.C. 16, 196 F.2d 871, and cases therein cited in note 2.

652(a) without observing the provisions of § 2005 for warning and "a reasonable opportunity to demonstrate satisfactory performance." Appellant vigorously contends that appellee has no such choice and condemns this view as plainly contrary to the statutory command.

■ Appellee did not object to the District Court's consideration of the § 2005 issue on the ground that appellant had failed to raise it in the administrative proceedings. On this appeal, however, appellee insists such failure is fatal to judicial review, upon the familiar principle stated by the Supreme Court in Hormel v. Helvering that "[o]rdinarily an appellate court does not give consideration to issues not raised below." [4] But in that case, the Supreme Court also warned that "[t]here may always be exceptional cases or particular circumstances which will prompt a reviewing or appellate court, where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the court or administrative agency below. See Blair v. Oesterlein Machine Co., 275 U.S. 220, 225 [48 S.Ct. 87, 72 L.Ed. 249.]" [5]

■ It might fairly be argued that this is one of those "exceptional cases or particular circumstances" to which the Supreme Court referred. The issue raised for the first time in the District Court involves a substantial question of law—construction of a statute which appears to require disciplining officials to follow certain specific procedural directions. If appellee has acted illegally by ignoring these statutory directions to him, our failure to decide the issue might result in serious injustice to appellant. Although we believe the issue must be resolved, we think it inadvisable to do so in this case without benefit of a prior ruling by the administrative agency involved. The issue is of major importance in the administration of civil service laws. Yet, it has never, to our knowledge, been considered in this or any other

case by the administrative agency. In such circumstances, to decide it now would be unwise for the court, and unfair not only to the present parties but to those who would inevitably be affected by the outcome. Accordingly, we reverse the judgment appealed and remand to the District Court with instructions to provide appropriate opportunity for an administrative determination of the issue involved in the first instance.

Reversed and remanded.

PROCTOR, Circuit Judge, died before the decision in this case and took no part in its consideration.

4. 1941, 312 U.S. 552, 556, 61 S.Ct. 719, 721, 85 L.Ed. 1037.

5. Id., 312 U.S. at page 557, 61 S.Ct. at page 721.