William H. **JONES**, Appellant,

v.

Oveta Culp **HOBBY**, Secretary of Department of Health, Education, and Welfare, et al., Appellees.

No. 12407.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 21, 1955.

Decided May 26, 1955.

Mr. Noah J. Menard, Washington, D. C., submitted on the brief for appellant.

Mr. Samuel J. L'Hommedieu, Jr., with whom Mr. Leo A. Rover, U. S. Atty., and Mr. Lewis Carroll and Miss Catherine B. Kelly, Asst. U. S. Attys., were on the brief, for appellees. Mr. Harold H. Greene, Asst. U. S. Atty., also entered an appearance for appellees.

Before PRETTYMAN, FAHY and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

On cross-motion the District Court granted summary judgment in favor of the defendants-appellees, who are the Secretary of Health, Education, and Welfare, and the Superintendent of St.

Elizabeths Hospital. Plaintiff-appellant is an employee at the Hospital. He sued to obtain a judgment declaring that he had been unlawfully demoted from the position of Mason CPC–7 to that of Mason (Brickman) CPC–6, and for reinstatement in the former status. Before his demotion appellant received a letter from the Acting Superintendent of the Hospital notifying him of the proposed demotion and setting forth with sufficient detail and precision the basis for such action. The letter complied in all respects with the requirements of 5 CFR § 9.102(a) (1) (Supp.1953). It advised appellant that he had five days within which to reply in writing and that if he failed to do so the Department Grievance Procedure would not be available to him. It advised him further that the record showed that his supervisor had on numerous occasions discussed appellant's alleged failures with him but appellant appeared unable to remedy the situation. Appellant did not answer. The Superintendent then advised him in writing that inasmuch as he had not replied to the charges it had been decided to proceed with the demotion as proposed. Appellant then received a "Notification of Personnel Action" indicating the change to the lower grade and stating it "resulted from inability to perform supervisory and other duties" of his position, the details of which had been specified in the first letter. Some months later appellant attempted to appeal to the Superintendent under the Department Grievance Procedure, but the appeal was rejected because appellant had not made timely reply to the charges when they were pending before the Superintendent, though then advised that unless he did so he could not later appeal. Upon appellant's subsequent request to the Secretary to review his grievance the Secretary informed him in writing that she concurred in the decision of the Hospital authority.

We think the above synopsis of the case shows that there was no unlawfulness in the demotion. No genuine issue of material fact was raised to preclude the award of summary judgment to appellees.

One contention of appellant should be specially mentioned. Section 6 of the Performance Rating Act of 1950, 64 Stat. 1099, 5 U.S.C.A. § 2005, provides that no employee shall be rated unsatisfactory without a 90-day prior warning and a reasonable opportunity to demonstrate satisfactory performance. Appellant urges that this provision prohibits his demotion unless he has been given first an unsatisfactory performance rating, with its accompanying 90-day warning period and a reasonable opportunity to demonstrate satisfactory performance.* But the provisions for rating employees under the Performance Rating Act, as part of a comprehensive system for promoting efficiency in Government service, do not directly or by implication modify or supersede the authority of the appropriate officials to demote personnel on charges, under procedures and regulations specifically applicable to personnel action of that character.

Affirmed.

---

* A kindred question, where a discharge was involved, was reserved by this court for initial administrative determination in Ward v. Anderson, 93 U.S.App.D.C. 156, 208 F.2d 48. For subsequent history see No. 12438, Thomas v. Ward, an appeal presently pending in this court from summary judgment thereafter granted by the District Court in favor of the employee Ward.