Grayce **GOLDING**, Appellant,

v.

Sinclair **WEEKS**, Secretary of Commerce, Appellee.

No. 12493.

United States Court of Appeals
District of Columbia Circuit.

Argued May 18, 1955.

Decided June 30, 1955.

Mr. Homer Brooks, Washington, D. C., with whom Mr. Edmund Hill, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Samuel J. L'Hommedieu, Jr., Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., Lewis Carroll and Joseph M. F. Ryan, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before PRETTYMAN, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

■ Plaintiff-appellant was a probationary employee in the Department of Commerce, subject to dismissal during the probationary term of one year. 5 C. F.R. § 2.113, § 9.103. About four weeks before the end of that year, she received a statement of reasons for separation and notice of dismissal, effective two weeks before the year's end. Plaintiff says that she reported to work each day after the date of separation specified in the notice, that she was given work to do, that she was paid therefor, and that she did not leave her work station until she was physically ejected therefrom a day or two after the end of the probationary year. Later, she brought suit for restoration in the District Court. That court dismissed the complaint, on the ground that it failed to state a claim upon which relief may be granted. We agree. Plaintiff received a proper notice of dismissal and statement of reasons for separation, as specified in the regulation applicable to probationers. 5 C.F.R. § 9.103. She did not lose her status as a probationer, and gain a more permanent status, by her conduct in continuing to report to work. Nor did the Government lose its right to discharge her because someone continued to give her work to do for a short time, and caused her to be paid for it.

■■ Plaintiff argues that she was entitled to a "ninety-day warning notice" under 5 U.S.C.A. § 2005. Compare Jones v. Hobby, 96 U.S.App.D.C. ——, 223 F.2d 345 (decided May 26, 1955). But this section does not operate to extend the tenure of probationers. Plaintiff also alleges that the charges against her were amended on the dismissal date, and that this required that she be given a new notice of dismissal. It appears, however, that the second statement of reasons for separation was substantially similar to the one first given her, and that the effective date of the dismissal was not changed. Under the circumstances, her argument must fail.

Affirmed.