**Charles S. THOMAS, Secretary of the Department of the Navy, Appellant,**

v.

**William E. WARD, Appellee.**

**No. 12438.**

United States Court of Appeals District of Columbia Circuit.

Argued June 3, 1955.

Decided Aug. 18, 1955.

Petition for Rehearing In Banc Denied Sept. 23, 1955.

Mr. Samuel J. L'Hommedieu, Jr., Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., Lewis Carroll and Jo-

10. Ibid.

seph M. F. Ryan, Jr., Asst. U. S. Attys., were on the brief, for appellant.

Mr. Marcus Borchardt, Washington, D. C., for appellee.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

In 1951 plaintiff-appellee was a personnel officer in the Marine Corps Air Station at Cherry Point, North Carolina. Effective June 29, 1951, he was removed from his office pursuant to charges brought against him under the provisions of the Lloyd-LaFollette Act.[1] The charges alleged lack of professional knowledge and supervisory ability; poor personnel management and public relations and acts of misconduct involving failure to carry out orders; disloyalty to his superiors and untruthfulness in official relations with other employees. Plaintiff-appellee was given an opportunity to reply to the charges and was granted a full hearing. The Commanding General of the Station, on reviewing the record, found the charges proved and ordered appellee's removal.

Appellee thereupon brought suit to have his removal from the classified civil service declared illegal, and for reinstatement. He raised two objections to his removal: (1) that it was effected through bad faith, fraud and official collusion, and (2) that it violated the Performance Rating Act of 1950.[2] As to the latter point—raised for the first time in the District Court—he claimed that his dismissal for "unsatisfactory services" was equivalent to dismissal on the ground of an "unsatisfactory performance" rating, and that he had not received the ninety-day warning of unsatisfactory performance required by the statute as a condition for receiving an unsatisfactory rating.[3] Appellee's contentions were rejected by the District

Court. We reversed on appeal on the sole ground that the possible mandatory applicability of the Performance Rating Act of 1950 to all discharges for "cause" under 5 U.S.C.A. § 652 [4] raised an important issue which should not be decided by the courts without benefit of a prior ruling by the administrative agency involved. Ward v. Anderson, 1953, 93 U.S.App.D.C. 156, 208 F.2d 48.

Accordingly, on remand a ruling was made by the Department of the Navy on the "Question of Law Presented by U. S. Court of Appeals for Administrative Ruling by the Department of the Navy." This ruling determined—

"1. That plaintiff was removed for such cause as will promote the efficiency of the classified civil service and for reasons given in writing.

"2. That it was appropriate, proper, and a legal exercise of the authority of the Navy Department to remove the plaintiff by preferring charges of inefficiency under the Act of August 24, 1912 (5 U.S.C. 652).

"3. The Performance Rating Act of 1950, section 6 (5 U.S.C. 2005) was not the appropriate law to invoke, nor is it applicable, because this Act was intended to be applied to an employee whom the department believes will improve his work performance or whose experience and services can be utilized by reassignment to another position. In other words, the Performance Rating Act should be applied when the agency or department contemplates continued employment of the individual rather than his immediate removal as soon as the procedures of the applicable removal laws (5 U.S. C. 652, id. 863) shall have been complied with.

"4. When a department or agen-

---

1. 5 U.S.C.A. § 652.

2. 64 Stat. 1098 (1950), 5 U.S.C.A. §§ 2001 et seq.

3. 5 U.S.C.A. § 2005 provides in part: "No officer or employee shall be rated unsat-

isfactory without a ninety-day prior warning and a reasonable opportunity to demonstrate satisfactory performance."

4. Or under 5 U.S.C.A. § 863, if the employee is a veterans preference eligible.

cy elects to dismiss an employee on charges of inefficiency under the Act of August 24, 1912 (5 U.S.C. 652), instead of giving him an unsatisfactory performance rating and then preferring charges on the basis of such rating, if the charges or any of them, relate to a period covered by a satisfactory performance rating or a 'good' or better than 'good' efficiency rating (as some do in this case) such rating or ratings are only a part of the evidence to be considered in the determination under the Act of August 24, 1912.

"5. While it is not a factor in this case, if a department or agency had given an employee an unsatisfactory performance rating which was either appealed to a statutory board of review and affirmed (5 U.S.C. 2006) or was not appealed and the unsatisfactory performance rating stood, the Civil Service Commission has allowed it to serve as a basis for removal from the position or from the Federal service at the option of the agency provided the fact, date, and finality of the unsatisfactory performance rating was set forth in a letter of charges prepared in compliance with the Veterans' Preference Act of 1944, as amended, (5 U.S.C. 863) or the Act of August 24, 1912 (5 U.S.C. 652) as the case may be."

Appellee then moved the District Court for a further ruling or for summary judgment. On July 12, 1954, the District Court adjudged appellee's removal from the classified civil service illegal— evidently on the ground that the Performance Rating Act had not been observed—and ordered him reinstated. The Secretary of the Navy now appeals.

As we view appellee's contention it comes down to this: that an employee in the classified civil service can be removed "for such cause as will promote the efficiency of such service", 5 U.S.C.A. § 652, where the "cause" relates to the employee's performance of his official duties, only if he first has been rated unsatisfactory, and that a performance rating of satisfactory precludes dismissal for "cause" of that sort. Nothing in the applicable statutes, however, expressly provides for such a limitation on discharges for cause and nothing in them compels such a construction. Performance ratings were introduced[5] —long before the adoption of the Lloyd-LaFollette Act[6]—to measure employee performance for the purposes of promotion, retention priority or other adjustments in grade and pay. While an unsatisfactory performance rating may sometimes lead to dismissal for cause, it may also justify lesser personnel action such as transfer to a more suitable position[7] or demotion without severance of employment.[8] On the other hand, though an employee's ordinary over-all performance of duties throughout the rating period may be rated as satisfactory he may still be guilty of conduct in connection with the execution of his official duties, either in particular instances or in a particular aspect of his tasks, which would justify dismissal under 5 U.S.C.A. § 652 in the interest of promoting the efficiency of the service.

These matters were fully developed in the hearings on the bills[9] out of which grew the Performance Rating Act of 1950. President Mitchell of the Civil Service Commission testified that both presentation of charges and unsatisfactory ratings were available as means of dismissing an inefficient employee, but

5. For a history of performance rating in the Federal Government see App. I to H.R.Rep. No. 2162, 81st Cong., 2d Sess., p. 13 (1950).

6. Supra, n. 1.

7. Report to the House Committee on Post Office and Civil Service by the Subcommittee on the Federal Civil Service concerning Performance Rating Plans in the Federal Government, H.R.Rep. No. 2277, 83d Cong., 2d Sess., p. 10 (1954).

8. Compare Jones v. Hobby, 96 U.S.App. D.C. ——, 223 F.2d 345.

9. H.R. 7264 and H.R. 7824, 81st Cong., 2d Sess.

indicated that the proper method was to make "definite charges against him which he can appeal." [10] Commissioner Perkins, a former Secretary of Labor, testified to like effect.[11] The testimony also reveals the extreme difficulties suffered by an executive department in using the alternative method of discharging an inefficient employee through giving him an unsatisfactory rating.[12]

The administrative ruling made by the Navy Department in this case represents an attempt to balance and reconcile the considerations just discussed, based not only on theoretical fairness but on practical experience. We cannot say that the ruling is either unreasonable or outside the compass of the statutes involved. Jones v. Hobby, supra, note 8. In the absence of compelling considerations to the contrary,[13] the agency's answer to the legal question presented—the only

---

10. Hearings Before the Committee on Post Office and Civil Service, House of Representatives, 81st Cong., 2d Sess., on H.R. 7264 (A Bill to Authorize the Establishment of Methods for the Evaluation of the Performance of Work of Federal Employees, and for Other Purposes) and on H.R. 7824 (A Bill to Provide for the Administration of Performance-Rating Plans for Certain Officers and Employees of the Federal Government, and for Other Purposes), see p. 4 of Transcript of Hearings.

11. She testified:

"We believe that the responsibility for separating a man from the service should rest with the agency and that it should be done on charges, which are provided for in the civil service law, and that the sole reason for removing him is that he is incompetent and cannot do his work, and on trial has not done his work, and that he should be so charged, in writing, and given the usual 3 to 5 days to make his reply, and to point out that the information is incorrect, that is, that he did not do his work, and in what respect it is incorrect, and let his own agency decide whether it is or not." Ibid. at 9.

12. Commissioner Perkins testified at p. 9:

"Now, one of the great complaints that has been made under the whole system is that you cannot fire inefficient people. You must have heard that a thousand times, sir. The reason for this famous case is that it is said to have taken a year and a quarter in the Navy is that a person who was given an unsatisfactory efficiency rating was presumed to be dismissed immediately on that rating.

"Instead of filing charges on her that she was inefficient, giving her 5 days to reply, and then if her reply was not satisfactory—and it probably could not have been—firing her, they gave her an 'unsatisfactory' rating.

"She then had the right to appeal that rating within the Navy, and the Navy has an elaborate grievance procedure.

"She appealed to one internal board and then to another internal board, and then to another internal board, and finally to this outside or supposedly impartial statutory board of appeals, and that procedure does take a year and a quarter.

"There was no question about it, that she was the sort of person who ought to have been given charges of incompetency and inefficiency, the details of her incompetence specified in the charges, and then separated from the service. A week would have been sufficient to give her every possible justice."

And again she testified later in the hearings (Transcript, pp. 68–69):

"It is a very simple matter to follow the present law, which Congress passed many years ago, known as the Lloyd-LaFollette Act, in which a nonveteran employee is given his charges and allowed a reasonable time to reply, anywhere from 24 hours to 2 weeks, depending on the seriousness of the charge. His reply must be considered by the agency before he is removed. But the whole process, if the inefficiency is acute, and if he is really holding back the operation of the division in which he works, can be accomplished in about 2 weeks if the employee is not a veteran.

"One department made a complaint that they had a case where it took them 16 months to remove 1 inefficient employee. It was because they relied on the efficiency rating, and allowed that to be the subject of appeal in a grievance procedure which existed in the department, and it was finally appealed to the Efficiency Rating Board of Review."

13. H.R.Rep. No. 2277, supra, n. 7, pp. 10–11, in its view of the functions of an unsatisfactory performance rating, seems to lean more in the direction urged by appellant. But even the Subcommittee says it "is not condemning the use of the provisions of either the Lloyd-LaFollette Act or section 14 of the Veterans' Preference Act to discharge undesirable workers.

question remaining in the case—should therefore be accepted.

Accordingly, the judgment of the District Court must be

Reversed and the cause remanded with directions to dismiss the complaint.

BAZELON, Circuit Judge (concurring in the result).

The Performance Rating Act of 1950 requires that an employee be given a 90-day warning and opportunity to improve before he is rated unsatisfactory and removed.[1] Congress did not expressly limit or qualify these requirements. Under our holding today, however, the employing agency may, in dismissing an employee, avoid the requirements of the 1950 Act by proceeding under the 1912 Lloyd-LaFollette Act[2] which authorizes a more summary dismissal. Since the Performance Rating Act is the more recent law, and affords additional protection to federal employees, I would be unwilling to infer that Congress intended such a result without express language to that effect. But I think this effect is approved by our recent decision, in Jones v. Hobby,[3] that the Performance Rating Act does "not directly or by implication modify or supersede authority to demote personnel on charges" under pre-existing law and regulations. Though Jones involved a demotion, I find no basis for giving the Act a different effect with respect to removals. For that reason, I concur in the result here.

Furthermore, it recognizes the necessity for such an administrative authority as these acts provide."

1. 64 Stat. 1099 (1950), 5 U.S.C. § 2005.

2. 37 Stat. 555 (1912), as amended, 62 Stat. 355 (1948), 5 U.S.C. § 652.

3. 96 U.S.App.D.C. ——, 223 F.2d 345.