JoNEs, Chief Judge,
delivered the opinion of the court:
This is a suit by a former civilian employee of the Department of the Army to recover pay alleged to be due him on the grounds that his separation from Government employment was illegal. Both parties have moved for summary judgment, relying on the pleadings as well as the exhibits which defendant has attached to and made a part of its motion.
The facts are these: Plaintiff upon his return from military service was reemployed by the Army on December 7, 1953, as a Supervisory Supply Officer (General) GS-12, which position he had held prior to his entry into military service. On April 16, 1954, plaintiff was notified that his *3 work had been found to be unsatisfactory in certain respects, and if improvement was not made, he would be separated for inefficiency. Plaintiff replied to that notice. On July 19, 1954, charges were served upon plaintiff, and he was notified that it was proposed to separate him for inefficiency effective at the close of business on August 19,1954. Plaintiff replied to these charges on July 28, 1954, and the Army on August 12, 1954, informed plaintiff that after consideration of the charges and his reply thereto, it had been decided to dismiss him. On August 19, 1954, plaintiff’s employment was terminated. Plaintiff appealed to the Civil Service Commission which after a hearing on the merits of the charges affirmed the action of the agency. Plaintiff then lodged a further appeal with the Civil Service Commission’s Board of Appeals and Review which on September 23,1955, upheld his dismissal. Plaintiff’s suit in this court then followed on December 9,1957.
Plaintiff urges the illegality of his separation on the following grounds: (1) The provisions of the Performance Rating Act of 1950,5 U.S.C. 2005, and the Universal Military Training and Service Act, as amended, 50 U.S.C. App. 459 (c), were violated in that he was not afforded the 90-day notice required under the former, and that he was dismissed from his position before the expiration of one year as provided in the latter; (2) the charges against him were not stated “specifically and in detail” as required by section 14 of the Veterans’ Preference Act of 1944, as amended, 5 U.S.C. 863; and (3) his dismissal was the result of arbitrary and capricious action.
Defendant asserts that all applicable statutory requirements were complied with and that plaintiff’s allegation of arbitrary and capricious action fails as a matter of fact. In addition, defendant urges that plaintiff’s claim in this court is barred by laches. This latter defense we find inapplicable here and no discussion of it will be made.
With respect to the Universal Military Training and Service Act, supra, that act provides that a returning veteran “shall not be discharged from such position without cause within one year after such restoration.” While plaintiff was discharged within one year, the grounds therefor were for *4 cause, i.e., inefficiency. Plaintiff would have us believe that the retention of the returning veteran for a period of one year was on an unconditional basis. The language of the act with its use of the term “without cause” negates any such intention.
Plaintiff argues .that although his separation was effected pursuant to the Veterans’ Preference Act, sufra, he is also entitled to the benefits of the Performance Eating Act, sufra. This identical argument was made and rejected in Hoffe v. United. States, 136 C. Cls. 559, 563. There it was held, following decisions by the Court of Appeals for the District of Columbia in Thomas v. Ward, 225 F. 2d 953, and Jones v. Hobby, 223 F. 2d 345, that where an employee is demoted or separated for cause pursuant to the Veterans’ Preference Act it is the provisions of that act which are to govern. See also Atkinson v. United States, 144 C. Cls. 585.
The charges against plaintiff, all based on inefficiency,were 15 in number. Plaintiff in his reply referred to and treated with each in the order in which they appeared in the agency’s notice. As to only one of these did plaintiff in his reply and in his appeal to the Civil Service Commission indicate a lack of specificity. This particular charge dealt with plaintiff’s failure to act timely with respect to a certain letter which he was to prepare in reference to aid to Spain, and his failure to act in a timely manner necessitated its completion by another employee. Plaintiff’s response was that he could not identify the letter and therefore could neither affirm nor deny the charge. The title of the letter was given as well as the date on which it was due. The Commission found this to be sufficient. The Commission in its review of the charge found that plaintiff’s tardiness in performance and failure to complete action with respect to this letter were called to his attention in the warning letter of April 16,1954, some three months prior to receipt of the charges on July 19, 1954, and that in his reply to this earlier letter plaintiff had specifically commented as to his action in this matter. In his testimony at the hearing before the Commission, plaintiff stated the length of time the document had remained in his office and even recalled the names of the people who had also worked on it.
*5 This we find meets the requirement set forth in Engelhardt v. United States, 125 C. Cls. 603, and relied upon by the defendant. There, at page 606, in speaking with respect to the specificity requirement of section 14, we stated:
The manifest purpose of this provision is to afford the employee a fair opportunity to oppose his removal, and the charges must be considered with the view of determining whether plaintiff was informed of the basis of the proposed action with sufficient particularity to apprise him of allegations he must refute or acts he must justify. The technical rules of criminal proceedings are not applicable here, and the facts and circumstances of a particular case are regarded as important in such an inquiry.
Plaintiff’s assertion of arbitrary and capricious action is premised upon the following: In order to restore plaintiff to his former position upon his return from military service, it was necessary for the Army to separate the individual who had been in the position during plaintiff’s absence. Plaintiff asserts the agency did this reluctantly, and as a result a certain amount of animosity developed on behalf of the other employees against plaintiff. It was this, plaintiff urges, that prompted the charges against him. That such was the basis for his dismissal, plaintiff points out, is made more evident when it is considered that the agency was carrying a heavy burden of work and was short in personnel, making it possible to bring charges of tardiness in performance against any employee in the agency.
During the hearing before the Commission and in the Commission’s decision itself much attention was directed to this assertion by plaintiff. While there was testimony to the effect that there did exist on the part of other employees within the agency some ill feeling toward plaintiff, the Commission found that this was not traceable to the supervisors who instituted and carried out the removal action against plaintiff.
The inefficiency charges against plaintiff went much beyond matters dealing with tardiness in performance, and in the final analysis questioned the quality of the performance, which was found to be unsatisfactory. Plaintiff has directed to our attention nothing which was not considered and passed *6 upon by the Commission. A full hearing was had before the Commission, and its decision is amply supported by the record. To set that decision aside here would merely be a substitution of our judgment in the matter for that of the Commission. This we may not do. Engelhardt v. United States, supra, and the cases cited therein.
In reaching this conclusion we are not unmindful of the reluctance with which those in authority sometimes comply with the statutory requirement for one year’s reemployment upon a veteran’s return from military service. There should be good faith compliance with that requirement including reasonable patience in affording the returning veteran a chance to again become familiar with his assignment. No doubt this was one of the main purposes of the enactment of the one-year provision, and it should be complied with in good faith. Here, however, the exact issue was raised, a hearing and determination was had by those who have been clothed with authority to review and pass upon the agency’s action. We do not believe the circumstances disclosed by the pleadings and record are sufficient to justify the setting aside of the decision of the Civil Service Commission.
Plaintiff’s motion for summary judgment will be denied, and defendant’s like motion will be granted. Plaintiff’s petition will be dismissed.
It is so ordered.
Bryan, District Judge, sitting by designation; Laramore, Judge; Madden, Judge, and Whitaker, Judge, concur.