Bryan, District Judge,
sitting by designation, delivered the opinion of the court:
Discharged on March 16,1956, for inefficiency, as a civilian employee of the Department of the Air Force, the plaintiff seeks payment of his salary from that date, on the averment that his dismissal was unlawful. The illegality, he says, consisted of the defectiveness of the removal procedure, arbitrariness and capriciousness in the decision, and a violation of the Performance Bating Act of 1950, post. Cross-motions for summary judgment tender the issue; we think the defendant should prevail.
*8 Contrary to the suggestion of the plaintiff, the record clearly discloses that the Government acted under the Lloyd-La Follette Act of 1912, as amended, 5 U.S.C. 652(a),* rather than in pursuance of the Peformance Eating Act, 5 U.S.C. 2005.** But, in any event, commencement under the Performance Act was not an irretrievable election ousting subsequent proceedings and judgment according to Lloyd-La Follette. Moreover, while the plaintiff is accurate in his charge of the omission of the notice prescribed by the Performance Act, a prosecution under Lloyd-La Follette need not satisfy the procedures of the Performance Act. Jones v. Hobby, D.C. cir. 223 F. 2d 345 (1955) ; Thomas v. Ward, D.C. cir. 225 F. 2d 953 (1955) cert. den. 350 U.S. 958; Hoppe v. United States, 136 C. Cl. 559, 565 (1956) cert. den. 355 U.S. 816; Sells v. United States, decided this date, ante, p. 1.
There was rubrical adherence to the Lloyd-La Follette procedures. Detailed and demonstrative were the charges the agency presented, a full apprisal of the plaintiff of the deficiencies in the quality and quantity of his work during the preceding four months and more. Time to answer was afforded initially, and then enlarged. Access to all pertinent records was granted him and ample opportunity to prepare his replies, even during working hours. Indeed, until this *9 suit the availability of all desired records was unquestioned. A written decision followed promptly. It advised him that his responses were insufficient to refute the documented specifications of inefficiency. Surely this notice qualified as “reasons given in writing” and of “charges sustained”. 5 U.S.C. 652(a); Green v. Baughman, D.C. cir. 243 F. 2d 610, 612 (1957) cert. den. 355 U.S. 819; Hoppe v. United States, supra, 136 C. Cl. 559.
He was allowed to appeal the agency determination through the appropriate review tribunals of the Air Force. There it was consistently approved. So, clearly, the decision to dismiss was neither hasty, nor arbitrary, nor capricious. But, more, though entitled to appeal within ten days to the Civil Service Commission from the Air Force’s approval, March 4, 1957, the plaintiff did not perfect an appeal until April 23, 1957, a wait of some fifty days. The Commission declined the appeal as too late. Having neglected seasonably to pursue this administrative remedy, the plaintiff is actually not entitled to be heard here on his procedural complaints. Bodson v. United States, 141 C. Cls. 532. Finally, his removal was Executive action, punctiliously observant of procedure, and the court cannot review the right or wrong of it. Keim v. United States, 177 U.S. 290 (1900) ; Eberlein v. United States, 257 U.S. 82 (1921).
Judgment must be entered summarily on the defendant’s motion, the plaintiff’s motion denied and his petition dismissed.
It is so ordered.
Laramore, Judge; Madden, Judge; Whitaker, Judge, and Jones, Chief Judge, concur.

 The pertinent terms are these :
No person in the classified civil service of the united States shall be removed or suspended without pay therefrom except for such cause as will promote the efficiency of such service and for reasons given in writing. Any person whose removal or suspension without pay is sought shall (1) have notice of the same and of any charges preferred against him; (2) be furnished with a copy of such charges; (3) be allowed a reasonable time for filing a written answer to such charges, with affidavits; and (4) be furnished at the earliest practicable date with a written decision on such answer. No examination of witnesses nor any trial or hearing shall be required except in the discretion of the officer or employee directing the removal or suspension without pay. Copies of the charges, the notice of hearing, the answer, the reasons for removal or suspension without pay, and the order of removal or suspension without pay shall be made a part of the records of the proper department or agency, » * * ; and copies of the same shall be furnished upon request, to the person affected and to the Civil Service Commission. * * *

 The pertinent terms are these:
Each performance-rating plan shall provide for ratings representing at least * * ♦; (2) unsatisfactory performance, which shall serve as a basis for removal from the position in which such unsatisfactory performance was rendered; * * ♦. No officer or employee shall be rated unsatisfactory without a ninety-day prior warning and a reasonable opportunity to demonstrate satisfactory performance.