Mary E. SEEBACH, Plaintiff,

v.

Joseph M. CULLEN, District Director, Bureau of Internal Revenue, San Francisco, et al., Defendants.

No. 41406.

United States District Court
N. D. California, S. D.
Nov. 1, 1963.

Oliphant, Hopper & Stribling, Oakland, Cal., for plaintiff.

Cecil F. Poole, U. S. Atty., San Francisco, Cal., for defendants.

SWEIGERT, District Judge.

The case is before the Court on a motion for summary judgment by defendant Cullen, District Director, Bureau of Internal Revenue, San Francisco, California; defendant Macy, Chairman of the United States Civil Service Commission; and defendant Lawton, a member of said Commission.

Plaintiff's complaint, invoking jurisdiction under 28 U.S.C. Sec. 1361, alleges in substance that plaintiff, who resides in this judicial district and who had been a civil service employee of the Bureau of Internal Revenue Service since 1935, was wrongfully discharged from her position.

The following facts are uncontroverted:

On October 7, 1960, defendant Cullen informed plaintiff by a letter that her performance rating was being withheld due to the existence of some questions concerning her work performance. Cullen directed plaintiff to report to the United States Public Health Service for an examination. As a result of that examination, plaintiff was placed on sick leave on October 18, 1960. On November 9, 1960, the Bureau filed an application for disability retirement on plaintiff's behalf. After two appeals and a reexamination of plaintiff, the Board of Appeals and Review of the Civil Service Commission on January 5, 1962, denied the agency application for disability retirement.

During this period, plaintiff's annual and sick leave was exhausted. As of June 19, 1961, the Bureau placed plaintiff on leave-without-pay status, pending the final decision on the disability retirement application, then pending before the Board. Plaintiff's appeal of this action was denied on November 30, 1962.

After the Board's denial of the agency's application for disability retirement for plaintiff, plaintiff returned to duty on February 19, 1962. On the same day, defendant Cullen notified plaintiff by letter of her proposed removal on charges of inefficiency in the handling of assigned tax cases and emotional instability. On May 11, 1962, plaintiff was removed from Federal service and on May 15, 1962, plaintiff appealed the removal to the San Francisco Region of the Civil Service Commission. After an adverse decision from the San Francisco Region, plaintiff appealed to the Board of Appeals and Review, which again affirmed the action.

Plaintiff, in opposing defendant's motion for summary judgment, contends that there are genuine issues of material facts with respect to the following issues:

(1) Whether defendant Cullen and others entered into a conspiracy to have plaintiff either retired or discharged as a governmental employee;

(2) Whether defendant Cullen illegally and without just cause placed plaintiff on sick and annual leave;

(3) Whether any alleged misconduct which took place when plaintiff received "good" or better, or "satisfactory" efficiency ratings, could be made the basis of any charge against plaintiff;

(4) Whether any of the alleged instances of misconduct charged against plaintiff by the letter of February 19, 1962, were specific and in detail as required by 5 U.S.C. § 652;

(5) Whether defendant Cullen in the written notice dismissing plaintiff from her position made the findings required by 5 U.S.C. § 652;

(6) Whether plaintiff ever received any notification as required by law of inefficiency in her work and whether she ever received a 90-day warning letter requiring her to improve her work, as required by law;

(7) Whether defendant Cullen acted arbitrarily and capriciously in dismissing plaintiff from her Government position.

## JURISDICTION OF THE COURT

Under 28 U.S.C. § 1361, enacted October 5, 1962, the District Court has original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. Such a suit may be brought in the judicial district in which the plaintiff resides. 28 U.S.C. § 1391 (e).

Title 28 U.S.C. § 1361 was enacted in order to make it possible to sue government officials and agencies in actions which previously could only have been brought in the United States District Court for the District of Columbia. Although the purpose of the statute is to confer jurisdiction on district courts to compel a Government official or agency to perform a duty owed to the plaintiff or to make a decision, the statute does not confer jurisdiction to direct or influence the exercise of discretion of the officer or agency in the making of a decision. The statute neither creates new liabilities nor new causes of action against the United States Government, nor does it give access to the District Courts for an action which previously could not have been brought against a Federal official in the United States District Court for the District of Columbia. Senate Report No. 1992, 2 U.S.Code Cong. & Adm. News, pp. 2784–2787 (87th Cong., 2d Sess., 1962).

The rule in cases of employee removal, which are almost entirely matters of executive agency discretion, both prior to and following the enactment of Sec. 1361, is that judicial review is limited to a determination of whether there has been a substantial compliance with the pertinent statutory procedures and no misconstruction of governing legislation. So long as there is substantial compliance with applicable procedures and statutes, the administrative determination is not reviewable as to the wisdom or good judgment used in the exercise of discretion. Eustace v. Day, 114 U.S.App.D.C. 242, 314 F.2d 247 (1962); Hargett v. Summerfield, 100 U.S.App.D.C. 85, 243 F.2d 29, 32 (1957), and cases cited therein.

This rule of limited judicial review and the legislative history of 28 U.S.C. § 1361 clearly shows that the jurisdiction of the Court in the case at bar is limited to ascertaining whether defendants substantially complied with the applicable procedures and statutes.

## THE ISSUE OF SUBSTANTIAL COMPLIANCE

The Lloyd-LaFollette Act, as amended, 5 U.S.C. § 652, provides that no person in the classified civil service of the United States shall be removed or suspended without pay except for such cause as will promote the efficiency of such service and for reasons given in writing. Any person whose removal or suspension without pay is sought shall (1) have notice of the same and of any charges preferred against him; (2) be furnished with a copy of such charges; (3) be allowed a reasonable time for filing a written answer to such charges with affidavits; and (4) be furnished at the earliest practicable date with a written decision on such answer. However, no examination of witnesses nor any trial or hearing is required except in the discretion of the officer or employee directing the removal or suspension without pay.

Plaintiff contends that defendant Cullen's written charges dated February 19, 1962, were not specific; that Cullen did not specifically find in his decision, dated May 8, 1962, that plaintiff's discharge was for such cause as would promote the efficiency of the service; and that, therefore, defendant Cullen has not complied with the requirements of Sec. 652.

However, the letter dated February 19, 1962, containing defendant's written charges, filed as Exhibit A to plaintiff's complaint, covers 16 pages and is replete with numerous, specific examples relating to the charges of emotional instability and inefficiency. The Court holds

that the letter provided plaintiff with specific, written charges as required by Section 652.

Further, the letter of defendant Cullen, dated May 8, 1962, officially notifying plaintiff of her removal, specifically states that the action to remove plaintiff "is for such cause as will promote the efficiency of the Service." The Court concludes that the letter, dated May 8, 1962, discharging plaintiff also complies with the requirements of Section 652.

The record also establishes that defendant complied with the applicable regulations and statutes in placing plaintiff on sick and annual leave.

As to plaintiff's contentions concerning the fact that she received satisfactory efficiency ratings during the period of misconduct charged in the letter dated February 19, 1962, and that she did not receive a 90-day notice of a proposed unsatisfactory efficiency rating, as required by 5 U.S.C. § 2005, it is clear that, while an employee's ordinary overall performance of duties throughout the rating period may be rated as satisfactory under the Performance Rating Act of 1950, 5 U.S.C. § 2001 et seq., such an employee may still be subject to dismissal in the interest of promoting the efficiency of the service under the more summary procedures authorized by 5 U.S.C. § 652. Thomas v. Ward, 96 U.S.App.D.C. 302, 225 F.2d 953 (1955), cert. denied 350 U.S. 958, 76 S.Ct. 348, 100 L.Ed. 833 (1955); De Fino v. McNamara, 109 U.S.App.D.C. 300, 287 F.2d 339 (D.C.Cir. 1961), cert. denied 366 U.S. 976, 81 S.Ct. 1947, 6 L.Ed. 1265 (1961); cf. Jones v. Hobby, 96 U.S.App.D.C. 53, 223 F.2d 345 (1955).

Accordingly, the Court concludes that there are no genuine issues of material fact; that the uncontroverted record before the Court establishes that defendants substantially complied with the applicable statutes and regulations; and that, therefore, defendants' motion for summary judgment should be, and hereby is, granted.