**Charles R. ARMSTRONG**

v.

**The UNITED STATES.**

**No. 54–68.**

United States Court of Claims.

Jan. 24, 1969.

---

George D. Gates, Washington, D. C., attorney of record for plaintiff.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Asst. Atty. Gen. Edwin L. Weisl, Jr., for defendant.

Before COWEN, Chief Judge, and DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

ON DEFENDANT'S MOTION TO DISMISS PETITION AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

NICHOLS, Judge.

This is a suit for $60,000 more or less, the amount claimed by plaintiff for improper removal from his position with the Veterans Administration (VA). The case is before us on defendant's motion to dismiss, which will be treated as a motion for summary judgment under Rule 20(b), and on plaintiff's motion for summary judgment. The material facts in this case are not in dispute.

Plaintiff, a veteran preference eligible, was a GS–11 Architectural Engineer when on February 28, 1963, he received an Advanced Warning of Unsatisfactory Rating. On June 20, 1963, plaintiff received a memo concerning technical deficiencies in his work. This memo stated that he had 90 days to correct these deficiencies, although later this period was extended to October 2, 1963. On October 21, 1963, plaintiff received a notice that the Advanced Warning of Unsatisfactory Rating was withdrawn due to a procedural error and that his rating as

of April 30, 1963, was satisfactory. On the same day, plaintiff also received a notice of Proposed Removal for Inefficiency. The proposal was based on seven charges, each of which cited numerous examples—82 in the first charge—of errors of judgment, omission, and commission in plaintiff's work. The letter informed plaintiff of his right to respond to the charges and to a hearing. After an agency hearing, some of the examples of errors were withdrawn from the charges but the agency found that the remaining charges were sufficient to warrant removal and plaintiff was removed for inefficiency effective July 17, 1964. Plaintiff then appealed to the Civil Service Commission (CSC) charging that the VA had not complied with its regulations governing procedures for removing employees. The CSC Appeals Examining Office, which was upheld by the Board of Appeals and Review (BAR) on October 20, 1965, found that the charges of inefficiency in plaintiff's work were supported by the evidence and that the agency complied with its own and the CSC's procedures regarding removal.

Plaintiff then filed suit in this court. To support his case, plaintiff relies on his claims that the VA violated its regulations concerning removal procedures and argues that the CSC was arbitrary and capricious in supporting his removal. For reasons to be discussed infra, we find no basis for plaintiff's claims, and his petition is dismissed.

The procedures which plaintiff maintains were violated are found in the VA Personnel Policy Manual, MP–5, TS–118 (July 1, 1962). They provide:

### 14. DEMOTION OR REMOVAL FOR INEFFICIENCY

\* \* \* \* \* \*

c. *Steps in Procedure.* \* \* \* before taking action to remove an employee for inefficiency, the supervisory official should consider reassignment or demotion if there is a vacant position in which the employee could reasonably be expected to perform adequately. \* \*

\* \* \* \* \* \*

f. *Demotion or Removal for Inefficiency When Employee's Current Performance Rating is Satisfactory*

(1) An employee may be demoted or removed for inefficiency in spite of a current official performance rating of satisfactory or better. \* \* \* The charges must not consist solely of incidents which occurred prior to the assignment of the current satisfactory rating, but rather should relate primarily to subsequent developments.

\* \* \* \* \* \*

The parties have not disputed whether the Manual is a regulation, or whether the quoted requirements are mandatory or precatory. For purposes of this case, but without establishing a precedent, we assume resolution of these questions in plaintiff's favor.

Plaintiff charges that the agency should have reassigned or demoted him as the agency Personnel Manual provides and not removed him. The VA Personnel Manual states that the agency "should consider reassignment or demotion" before removal, but the notice of October 21, 1963, stated, and the CSC found, that the agency did attempt to find plaintiff another position and there were no positions available for which he qualified. As regards demotion, apparently the agency considered GS–11 its bottom rate for architects. Plaintiff offers no evidence to refute this but simply alleges the VA should have and could have found him another position. We have searched the record and find nothing to support plaintiff's allegation, and absent any showing that the CSC finding was arbitrary and capricious, it must stand. See Heffron v. United States, 186 Ct.Cl. —— (decided January 24, 1969); Liotta v. United States, 174 Ct.Cl. 91 (1966); Harrington v. United States, 161 Ct.Cl. 432 (1963); Gaines v. United States, 158 Ct.Cl. 497, cert. de-

nied, 371 U.S. 936, 83 S.Ct. 309, 9 L.Ed. 2d 271 (1962); Indiviglio v. United States, 156 Ct.Cl. 241, 299 F.2d 266, cert. denied, 371 U.S. 913, 83 S.Ct. 260, 9 L. Ed.2d 173 (1962).

The argument which plaintiff urges most strongly is that the removal was improper because the charges of inefficiency related solely to incidents before his satisfactory rating became effective. Plaintiff claims that the satisfactory rating was not effective until October 21, 1963, the date he received the notice of the rating and that all of the charges related to incidents before that date. It is true that all of the incidents of alleged inefficiency occurred before he received the notice of his satisfactory rating; however, that notice stated that the rating was effective as of April 30, 1963. The processing of ratings takes time and it is not unusual to have a time lag between the effective date of the rating and the date the employee is notified of his rating. We believe that the rating of satisfactory spoke as of the date it was effective, April 30, 1963.

■■ But plaintiff claims that even if the satisfactory rating were effective April 30, 1963, the VA Personnel Manual provision was violated because four of the seven charges relate to incidents before that date, so that the charges do not "relate primarily to subsequent developments." However, the charges are worded to specify the dates when the work in question was assigned to plaintiff and not the dates when he submitted the work. Four of the projects were assigned before April 30, 1963, and plaintiff relies on the assignment dates to base his charges that more of the incidents relate to dates before the effective date of the rating and that therefore the incidents do not "relate primarily to subsequent developments." But we think that the critical dates for determining whether the incidents "relate primarily to subsequent developments" are the dates the work was submitted or perhaps later dates when the work was reviewed rather than the dates the proj-

ects were assigned to plaintiff, because not until the work was submitted could plaintiff's superior have been aware of the errors in his work. Four of the projects were submitted after April 30, 1963, and thus, in terms of sheer numbers, the charges relate primarily to developments subsequent to the effective date of his satisfactory rating.

■ Plaintiff also argues that the October 21, 1963, letter withdrawing the Advanced Warning of Unsatisfactory Rating in effect cancelled all of the charges against him. This warning was procedurally defective and thus had to be withdrawn. It is not withdrawn for any other reason. His work remained unsatisfactory, and the satisfactory rating was assigned him only because technically he could be given no other.

■ Plaintiff also claims his removal was in violation of the Performance Rating Act, 5 U.S.C. §§ 4301–4308 (Supp. III, 1965–1967) (formerly Performance Rating Act of 1950 as amended 64 Stat. 1098, 5 U.S.C. §§ 2001–2007). Under that provision, an employee may be removed for unsatisfactory performance but only after a 90 day advance warning and a "reasonable opportunity to demonstrate satisfactory performance." But the agency did give plaintiff a 90 day warning and an opportunity to improve. The CSC found that the agency had a series of guidance meetings after the June 20, 1963, notice to help plaintiff improve his work and apprise him of the caliber of work that was expected of him. In any event, plaintiff was removed under 5 U.S.C. § 7512 (Supp. III, 1965–1967), (Veterans' Preference Act) for specified inefficiencies. The Performance Rating Act does not control personnel action under an independent statute. Creamer v. United States, 174 Ct.Cl. 408, cert. denied, 385 U.S. 819, 87 S.Ct. 42, 17 L.Ed.2d 57 (1966). As we said in Angrisani v. United States, (1965) 172 Ct.Cl. 439, at p. 443:

This court has stated, on numerous occasions, that the procedures of the

Veterans' Preference Act, * * * and the Lloyd-LaFollette Act, * * * govern removals for cause; that the procedures of the Performance Rating Act, * * * are not applicable to such removals. * * *

An unsatisfactory performance rating is not a prerequisite to the removal of an inefficient employee. Thomas v. Ward, 96 U.S.App.D.C. 302, 225 F.2d 953, 955 (1955), cert. denied, 350 U.S. 958, 76 S. Ct. 348, 100 L.Ed. 833 (1956); Angrisani v. United States, supra; Chisholm v. United States, 149 Ct.Cl. 8, 13 (1960). The court cannot substitute its judgment for that of the employing agency as to an employee's qualifications, if the agency's conclusion is honestly arrived at, without personal bias or malice. Greenway v. United States, 175 Ct.Cl. 350, cert. denied, 385 U.S. 881, 87 S.Ct. 167, 17 L.Ed.2d 108 (1966).

Plaintiff was a veterans preference eligible and as such his removal must accord with the provisions of that act, which it does. Both the CSC and the BAR found that the VA had complied with the procedural requirements for removal and absent any showing that this finding was arbitrary and capricious it must stand. Angrisani v. United States, supra, at p. 443; Houston v. United States, 156 Ct.Cl. 38, 45, 297 F.2d 838, 842, cert. denied, 371 U.S. 815, 83 S.Ct. 27, 9 L.Ed.2d 56 (1962). Plaintiff contended that the agency failed to follow its own regulations in violation of Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957), but from what we have said it is clear that the agency did follow its own regulations in removing plaintiff.

Defendant in its motion to dismiss pleaded laches as a defense to plaintiff's action. Because we have disposed of this case on other grounds, we need not reach that issue. Defendant's motion to dismiss is granted. Plaintiff's motion for summary judgment is denied and his petition is dismissed.