Civilian fay; dismissal; inefficiency; Performance Bating Act. — Plaintiff, a non-veteran, was employed by the Department of the Army as a librarian, being removed from her position on September 14,1964, for inefficiency. Plaintiff was advised of her right to appeal to the Civil Service Commission or through the Department of the Army, and on October IT, 1964, she elected to appeal to the Commanding Officer of the employing agency and requested a hearing. A hearing was held before the grievance examiner who recommended that plaintiff not be removed on the single ground that the test period did not constitute sufficient time to overcome the 90-day period requirement under the Performance Eating Act of 1950 as amended; the examiner also indicated that plaintiff’s performance did not satisfy the acceptable standards of the agency. The Commanding Officer denied plaintiff’s appeal, and from this action plaintiff appealed to the *570 Secretary of tbe Army who, on January 16, 1967, sustained the removal action and denied the appeal. Plaintiff sues here for back salary from September 15, 1964, to January 16, 1967. This case comes before the court on the parties’ motions for summary judgment, without oral argument and on the submission of briefs. Upon consideration, the court concludes that plaintiff does not have a claim upon which relief can be granted, in that (1) the Department of the Army was not required to follow the grievance examiner’s recommendation; (2) a proceeding under the Performance Rating Act was not a prerequisite to the instant proceedings (see Armstrong v. United States, 186 Ct. Cl. 539, 544-45, 405 F. 2d 1275, 1278-79 (1969) and cases cited); (3) plaintiff has shown no procedural violations; and (4) plaintiff has failed to show arbitrary or capricious action or a lack of substantial evidence to support the administrative determination. On October 20, 1969, the court ordered that plaintiff’s motion be denied, defendant’s motion be granted, and dismissed the petition.