**Archer E. KING, III, Plaintiff,**

v.

**Robert E. HAMPTON, Chairman, U. S. Civil Service Commission, et al., Defendants.**

**Civ. A. No. 75–621–N.**

United States District Court, E. D. Virginia, Norfolk Division.

May 18, 1976.

T. H. Willcox, Jr., Willcox, Savage, Lawrence, Dickson & Spindle, Norfolk, Va., for plaintiff.

James A. Oast, Jr., Asst. U. S. Atty., Norfolk, Va., for defendants.

## OPINION AND ORDER

CLARKE, District Judge.

Plaintiff, Archer E. King, III, was removed from his position as an Electronics Engineer (GS–0855–9, Step 10) at the Naval Air Rework Facility, Norfolk, Virginia, for inefficiency in the performance of his duties. The plaintiff appealed the decision of the aeronautical Engineering Head, Naval Air Rework Facility, sustaining plaintiff's termination through the United States Civil Service Commission prior to instituting this action. All administrative remedies have been exhausted and the matter is properly before the Court on the defendants' Motion for Summary Judgment.

Both parties concede that this Court must adhere to the standard of judicial review of decisions of the Civil Service Commission embodied in 5 U.S.C. § 706 which states in pertinent part:

· "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

\*     \*     \*     \*     \*     \*

"(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

"(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

\*     \*     \*     \*     \*     \*

"(E) unsupported by substantial evidence   .   .   ."

Thus, the Court must make a determination on the entire record concerning plaintiff's termination of whether the decision of the Commission was arbitrary, unreasonable, capricious or not supported by substantial evidence. *Halsey v. Nitze*, 390 F.2d 142 (4th Cir. 1968).

The defendants seek a determination that the removal of the plaintiff was in accord with applicable procedural requirements and had a reasonable basis in fact. On the other hand, the plaintiff contends that problems with his job performance were the result of harassment by his supervisors and co-workers. Furthermore, the plaintiff claims that proper consideration was not given to a decision of the Performance Rating Board which changed plaintiff's job performance rating from unsatisfactory to satisfactory even though the allegations of unsatisfactory performance considered by the Board were identical to the reasons used to justify plaintiff's discharge.

The procedure for performance rating is governed by statute. 5 U.S.C. § 4301, et seq. The statutory provisions allow for removal of an employee from a position in which he has received a performance rating

of unsatisfactory. 5 U.S.C. § 4304. There is no statutory requirement, however, precluding the dismissal of an employee for cause promoting the efficiency of the civil service. When presented with the situation of a dismissal despite the existence of a satisfactory performance rating, the majority of courts have sustained the discharge. *See Defino v. MacNamara*, 109 U.S.App. D.C. 300, 287 F.2d 339 (1961); *Thomas v. Ward*, 96 U.S.App.D.C. 302, 225 F.2d 953 (1955), *cert. denied*, 350 U.S. 958, 76 S.Ct. 348, 100 L.Ed. 833 (1956); *Armstrong v. United States*, 405 F.2d 1275, 186 Ct.Cl. 539 (1969).

The legislative scheme embodied in the Performance Rating Act, 5 U.S.C. § 4301, et seq., and the removal provisions for a "preference eligible employee," 5 U.S.C. § 7512, do not prohibit discharge of an employee with an overall satisfactory rating. In *Thomas v. Ward*, it was held that "though an employee's ordinary over-all performance of duties throughout the rating period may be rated as satisfactory he may still be guilty of conduct in connection with the execution of his official duties either in particular instances or in a particular aspect of his tasks, which would justify dismissal . . . in the interest of promoting the efficiency of the service." For example, an unsatisfactory job rating may not require dismissal and, as noted, a satisfactory performance rating does not guarantee job retention. *Thomas v. Ward*, 96 U.S.App.D.C. 302, 225 F.2d 953 (1955).

■ The plaintiff argues against the strict application of the above-quoted principle of law to the facts of this case on the ground that the Performance Review Board in passing upon the legitimacy of plaintiff's discharge, considered the same charges, heard the same witness and received the same evidence as the Civil Service Commission. The plaintiff, therefore, seeks a ruling that where identical charges and evidence are placed before the Performance Review Board and the Civil Service Commission, the respective agencies cannot reach contrary conclusions. The determinative factor allowing officials to discharge an employee for cause, however, is not the competence of the employee as embodied in his performance ratings, but whether some significant facet of his performance warrants removal for the efficiency of the service. The standards necessarily vary for an unsatisfactory performance rating, 5 U.S.C. § 4301 et seq., and an adverse action, 5 U.S.C. § 7512. The fact that identical evidence is presented in each of the administrative proceedings should not mandate even apparently consistent conclusions. Neither the Civil Service Commission nor the Court upon judicial review has a duty to balance satisfactory performance ratings with incidents of inefficiency in performance.

■ Plaintiff's second contention in opposition to the defendants' Motion for Summary Judgment concerns the harassment of the plaintiff by his supervisors and co-workers. Evidence introduced in the administrative hearing included incidents such as the assignment of clerical duties; the absence of overtime for one and one-half years; denial of a requested change in plaintiff's job description; a reprimand for consuming coffee during business hours; interference with plaintiff's medication by a co-worker; the unexplained disappearance of plaintiff's work materials; and the placement of pins in plaintiff's desk chair. These instances of "harassment" were considered by the Civil Service Appeals Examiner who concluded that several of the incidents were satisfactorily dealt with by management and that the totality of the circumstances did not sufficiently mitigate the evidence of inefficiency in plaintiff's job performance. The Court upon a review of the entire record cannot find sufficient reason to disturb the conclusion reached by the Civil Service Commission.

The Court has carefully examined the record of the adverse action taken against the plaintiff and the legal memoranda of counsel. The Court can find no material fact in dispute. Furthermore, the Court is of the opinion that the decision of the Civil Service Commission in upholding the removal of the plaintiff was based on sub-

stantial evidence and was neither arbitrary, unreasonable or capricious. 5 U.S.C. § 706. Accordingly, defendants' Motion for Summary Judgment is GRANTED and it is hereby ORDERED that judgment be entered in favor of all the defendants.

The Clerk is directed to send a copy of this Opinion and Order to all counsel of record.