Civilian pay; step increase; adequacy of notice of denial.— On March 14, 1980 the court entered the following order:
*661 Before Friedman, Chief Judge, Kunzig and Bennett, Judges.
This civilian pay case comes before the court on defendant’s motion for summary judgment. Plaintiff, pro se, has not responded to that motion.
Plaintiff was denied a within grade salary increase in 1977. After seeking administrative review, he filed timely suit in this court seeking back pay, retroactive granting of his within grade pay increase, interest and costs.[1] He challenges the administrative actions denying his within grade pay increase as being arbitrary and capricious and not in accordance with law.
Plaintiff, an Investigator in the Bureau of Personnel Investigations, United States Civil Service Commission, was due for his within grade pay increase on June 19, 1977. Under the regulations, the responsible official is supposed to notify the employee of any denial at least 60 days prior to the date the increase would otherwise take effect. 5 C.F.R. § 531.407(5) (1979). In this case, plaintiffs supervisor failed to notify him until May 23, 1977. In that notification, the supervisor noted the violation of the 60-day rule and informed plaintiff that a redetermination would be made within 60 days and if plaintiffs work improved, the within grade salary increase would be granted retroactive to the June 19, 1977, date of entitlement. Plaintiff was notified of his appeal rights and he exercised them. The Director, who reviewed the supervisor’s decision, upheld the denial.
Upon reconsideration, plaintiffs supervisor found that the petitioner’s work had deteriorated and again denied the increase. The Director also reviewed and affirmed this decision. The Federal Employee Appeals Authority affirmed the Director. Finally, the Appeals Review Board refused to reconsider plaintiffs case.
Plaintiff complains that since the Bureau failed to provide him with the required 60-day notice, its actions were not in accordance with law. The agency, however, *662 effectively cured its original error as provided in the regulations. 5 C.F.R. § 531.407(c)(5) (1979).[2] Thus, plaintiff has no room for complaint.
Next, plaintiff argues that the Bureau violated Executive Order No. 5396 (July 17, 1930) which prohibits penalizing disabled veterans in their efficiency ratings for sick leave. Upon review of the record, we fail to find any possibility of allegation that plaintiff is a disabled veteran. Moreover, the supervisor’s determination mentions plaintiffs health as a possible mitigating factor and it does not appear to be a basis of the decision to deny the increase.
Further, we find no basis upon which to conclude that the agency action was arbitrary and capricious. Plaintiffs complaint fails to allege any facts which would disturb our presumption that the agency acted in good faith. See Grover v. United States, 200 Ct. Cl. 337 (1973); Armstrong v. United States, 186 Ct. Cl. 53, 405 F.2d 1275, cert. denied, 395 U.S. 934 (1969) (showing of bias or malice required).
Accordingly, it is therefore ordered, upon consideration of the parties’ submissions, but without oral argument, that defendant’s motion for summary judgment is granted. Plaintiffs petition is dismissed.

 Plaintiff failed to allege any contractual or statutory grounds upon which interest or costs could be granted. 28 U.S.C. § 2518 (1976).

 The regulation provides:
(5) When the head of an agency or his designee makes a negative determination without informing the employee 60 days in advance as provided by paragraph (b) of this section, he shall make another determination not later than 60 days after the date on which the employee completed the waiting period.
As noted above, the agency, through the supervisor, complied by making a redetermination.