Ronald W. SMITH, Petitioner,

v.

POLICE AND FIREMEN'S RETIRE-MENT AND RELIEF BOARD, Respondent.

No. 81–1008.

District of Columbia Court of Appeals.

Argued Sept. 9, 1982.

Decided April 28, 1983.

assault with intent to kill while armed, *Ingram v. United States,* 122 U.S.App.D.C. 334, 337, 353 F.2d 872, 875 (1965).

Robert Cadeaux, Washington, D.C., for petitioner.

Diana M. Savit, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Before NEWMAN, Chief Judge, and NEBEKER and TERRY, Associate Judges.

NEWMAN, Chief Judge:

This case poses the question whether an employee who is able to perform light duty in his present grade, but is ineligible for promotion due to his work-related injury, is entitled to disability retirement under D.C. Code § 4–616(a) (1981). We conclude that he is not, and accordingly affirm the Retirement Board's order denying disability retirement.

## I

At present and at all times relevant to this case, petitioner has been a sergeant in the District of Columbia Fire Department. In 1976, while performing his duties, he fell from a fuel oil truck and suffered injuries. For two years he underwent treatment and examination. In 1978, the Board of Police and Fire Surgeons determined that he was capable of performing light duty, such as administrative functions, but permanently disabled from performing full duty as a fireman.

In June of 1978, petitioner took the Department's examination for promotion to the rank of lieutenant. He passed and was placed on the roster of those eligible for promotion, but was not promoted.

Petitioner then sought disability retirement before the Police and Firemen's Retirement and Relief Board. On December 27, 1979, the Board found that petitioner was not disabled for useful work in the grade or class of position he last occupied, and accordingly decided not to retire him. This court affirmed the decision in an unpublished memorandum opinion. *Smith v. Police and Firemen's Retirement and Relief Board* (No. 80–25, October 29, 1980).

In June of 1980, petitioner sat for and passed the lieutenants' exam for the second time. He was again passed over for promotion. Petitioner inquired why he was not promoted, and received the following response from Fire Chief Norman Richardson:

In response to your memorandum to me regarding your nonselection for promotion, you were not selected for promotion due to your long history of problems related to your injury which have caused you to be unable to work even in light duty assignments without extended periods of sick leave. Your prognosis indicates that your condition is not likely to improve.

There are no assignments within this Department that could withstand absences as sporadic and extended such as yours have proven to be.

Petitioner then sought a rehearing before the Retirement Board to redetermine his eligibility for disability retirement. The basis for his request was the theory that ineligibility for promotion due to a work-related injury entitled him to retirement. The Board denied his request, and he now appeals that decision.

## II

■ Eligibility for retirement benefits on the basis of work-related injury is governed

by D.C.Code § 4–616(a) (1981), which provides in pertinent part as follows:

[W]henever any member is injured . . . in the performance of duty . . . and such injury . . . permanently disables him for the performance of duty, he shall upon retirement for such disability, receive an annuity. . . .

It is not disputed that petitioner was injured "in the performance of duty" and that such injury has impaired his ability to perform many of the tasks he formerly performed as a firefighter. Thus his eligibility depends on whether he is permanently "disabled" within the meaning of the statute. The crucial term is defined in D.C. Code § 4–607(2) (1981):

The terms "disabled" and "disability" mean disabled for useful and efficient service in the grade or class of position last occupied by the member by reason of disease or injury, not due to vicious habits or intemperance as determined by the Board of Police and Fire Surgeons, or willful misconduct on his part as determined by the Mayor.

See *Wells v. Police and Firefighters' Retirement and Relief Board,* 459 A.2d 136 (D.C. 1983).

The "grade or class of position last occupied" by petitioner is the rank of sergeant in the Fire Department. As previously determined by the Board and upheld by this court, he is not disabled for "light duty" at the rank of sergeant. Petitioner's only basis for reopening the matter is premised on his disability for service at a "grade or class of position" *other than* that "last occupied" —lieutenant. This fact is irrelevant to the statutory criteria which concern only his performance at the rank of sergeant. Therefore, the Board's decision to deny a rehearing is correct and must be affirmed.*

Petitioner claims that the denial of promotion constitutes illegal discrimination on the basis of physical handicap under both federal and District of Columbia law. The Rehabilitation Act of 1973, codified as amended at 29 U.S.C. § 701 *et seq.* (1976, 1978 Supp., 1979 Supp., & 1980 Supp.), and its implementing regulations, published at 45 C.F.R. § 84.1 *et seq.* (1981), prohibit certain employment practices on the part of employers who benefit from federal financial assistance. Those practices include discrimination in promotion. 28 C.F.R. § 41.-52(c)(2) (1981). Handicap discrimination by the District of Columbia government is prohibited by District of Columbia statute, D.C.Code § 6–1705 (1981). The Mayor has also declared nondiscrimination on the basis of handicap to be a policy of the District. Mayor's Order 75–230, § 4a(1) (1975).

■ However, for purposes of this appeal, it is irrelevant whether the denial of promotion constituted illegal handicap discrimination. First, petitioner did not raise his allegations of discrimination before the Retirement Board. In administrative appeals such as this, our function is to review decisions made by the responsible executive authority. Accordingly, we do not consider claims raised for the first time on appeal. *DeLevay v. District of Columbia Rental Accommodations Commission,* 411 A.2d 354, 358 (D.C.1980); *Dietrich v. District of Columbia Board of Zoning Adjustment,* 320 A.2d 282, 287 (D.C.1974); *John D. Neumann Properties, Inc. v. District of Columbia Board of Appeal and Review,* 268 A.2d 605, 606 (D.C.1970).

■ Secondly, even if petitioner had raised his discrimination allegation before the Board, that charge could not properly affect the result, since it is irrelevant to the narrow issue before the Retirement Board. Petitioner alleges discrimination in *promotion,* a matter which, unlike retirement decisions, is not within the province of the Retirement Board. The antidiscrimination laws and regulations cited by petitioner provide their own procedures for handling discrimination complaints. The federal Re-

---

* We further note that the plain meaning of "useful and efficient service" would appear to foreclose petitioner's claim.

habilitation Act adopts the remedies and procedures defined by Title VI of the Civil Rights Act of 1964. 29 U.S.C. § 794a(a)(2) (1978 Supp.). The applicable regulations establish an administrative scheme for investigating discrimination complaints and monitoring compliance with the law. 45 C.F.R. §§ 80.6–80.10 & 81.1 *et seq.* (1981). When a person complaining of discrimination fails to achieve satisfaction through the administrative process, he can resort to a federal district court, as provided in Title VI. *See* 42 U.S.C. §§ 2000e–5(f)–(k), 2000e–16(c) (1976). The District of Columbia Human Rights Act provides a similar administrative and judicial framework for the handling of handicap discrimination claims. D.C.Code § 1–2501 *et seq.* (1981). When a statute provides a comprehensive enforcement scheme for violations of its substantive provisions, a legislative intent to provide an exclusive remedy may be in-ferred, and an aggrieved person may not avoid that scheme by pursuing his claim in another forum. *See Great American Federal Savings & Loan Association v. Novotny,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979); *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Thus, even on the assumption that petitioner has a valid claim of illegal discrimination relating to promotion, the Retirement Board was justified in declining to reopen the disability retirement proceeding on that basis.

*Affirmed.*