609 A.2d 671 (1992)
Rasaq B. ABOLAJI, Petitioner,
v.
DISTRICT OF COLUMBIA TAXICAB COMMISSION, Respondent.
No. 91-AA-481.
District of Columbia Court of Appeals.
Submitted March 24, 1992.
Decided March 25, 1992.[*]
Reginald F. Martin, III was on the brief for petitioner.
John Payton, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and James C. McKay, Jr., Asst. Corp. Counsel, were on the brief for respondent.
Before SCHWELB and FARRELL, Associate Judges, and MACK, Senior Judge.
PER CURIAM:
The District of Columbia Taxicab Commission permanently revoked petitioner's license to operate a taxicab after finding that he had assaulted a passenger in the process of expelling her from his cab, in violation of two regulations, 31 DCMR § 822.9 and 31 DCMR § 814.3 (1990). Petitioner does not challenge the merits of the revocation but contends that the Commission engaged in two procedural irregularities that prejudiced him: first, it failed to give him proper notice of the complaint as required by 31 DCMR § 701.6;[1] and second, it did not attempt to resolve the complaint informally, in accordance with 31 DCMR § 701.10.
*672 We reject petitioner's procedural claims and affirm. First, petitioner raised neither of these arguments before the Commission. "Administrative and judicial efficiency require that all claims be first raised at the agency level to allow appropriate development and administrative response before judicial review." Hughes v. District of Columbia Dep't of Employment Servs., 498 A.2d 567, 570 (D.C.1985); accord, Smith v. Police & Firemen's Retirement & Relief Bd., 460 A.2d 997, 999 (D.C.1983). In light of petitioner's failure to raise these points below, we simply do not know whether reasons exist to justify the Commission's delay of 23 days in notifying him of the lodged complaint; nor have we any record on which to review his claim that the Commission failed to attempt resolution of the complaint informally. See Cobb v. Standard Drug Co., 453 A.2d 110, 111 (D.C.1982). For this reason alone we could reject petitioner's contentions.
In any event, it is apparent that the 10-day notice period of 31 DCMR § 701.6 is directory, rather than mandatory, and in the absence of any substantial showing of prejudice to petitioner from the delay, we may not allow the defect in notice to defeat the public's legitimate interest in protecting taxicab passengers from harm such as the Commission found here. See Hughes, 498 A.2d at 570; Vann v. District of Columbia Bd. of Funeral Directors & Embalmers, 441 A.2d 246, 247-48 (D.C.1982); JBG Properties, Inc. v. District of Columbia Office of Human Rights, 364 A.2d 1183, 1185 (D.C.1976); M.B.E., Inc. v. Minority Business Opportunity Comm'n, 485 A.2d 152, 154 (D.C.1974). Petitioner was issued notice of the complaint on March 14, 1991, directing him to respond by March 27, 1991, and scheduling a formal hearing for April 3, 1991 (unless he received written notice that the matter had been resolved). However, the notice provided for postponement of the hearing upon timely written request. Petitioner responded in writing on March 27 and did not request postponement of the April 3 hearing. In view of the factually uncomplicated nature of the charges against him, petitioner can claim no substantial prejudice as a result of the failure to give him earlier notice of the complaint.
Nor may reversal be predicated on the alleged failure of the Office of Taxicabs to attempt informal resolution of the complaint. The March 14, 1991 notice expressly stated that "[a]n attempt will be made to resolve the complaint informally." Given the deficiency of the record noted above, we have no basis on which to conclude that the Office made no such attempt to resolve the complaint informally. In any event, the Officer's duty under 31 DCMR § 701.10 is qualified: it must attempt informal resolution only "[w]hen [it] does not determine," for example, that a prima facie showing of a violation has been made and a hearing should be scheduled. 31 DCMR § 701.8. Given the stark differences in the written accounts of the incident provided by the complainant and petitioner, the Office could properly decide to schedule a formal hearing to resolve those differences without resort to informal resolution.
Accordingly, the decision of the Commission is
Affirmed.
NOTES
[*] The opinion in this case was originally issued as an unpublished Memorandum Opinion and Judgment. With only minor changes, it is now being published by order of the court.
[1] The regulation provides that the taxicab operator and/or owner shall be notified of a complaint within ten days of receipt of the complaint. In this case the Commission received the complaint on January 11, 1992, and appellant was notified of the charges on March 14, 1991.