**Vance GAY, Jr., Petitioner,**

v.

**DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

**The Washington Metropolitan Area Transit Authority, Intervenor.**

**No. 92–AA–658.**

District of Columbia Court of Appeals.

Argued April 7, 1994.

Decided July 7, 1994.

Paulette E. Chapman, Washington, DC, for petitioner.

Michael D. Dobbs, Gaithersburg, MD, for intervenor.

John Payton, Corp. Counsel at the time memorandum was filed, and Charles L. Reischel, Deputy Corp. Counsel, Washington, DC, filed a memorandum in lieu of brief for respondent.

Before STEADMAN and SCHWELB, Associate Judges, and MACK, Senior Judge.

STEADMAN, Associate Judge:

Petitioner, a bus driver, suffered an asserted on-the-job injury that kept him off work for almost four months. During that period, he received sick leave benefits equal to his full pay from his employer, the Washington Metropolitan Area Transit Authority ("WMATA"). On this basis, the Director of the Department of Employment Services denied his claim for temporary total disability benefits under the District of Columbia Workers' Compensation Act, D.C.Code §§ 36–301 to –345 (1993) (the "Act"). Finding that the Director did not fully address the relevant arguments, we vacate the denial and remand for further consideration.

## I.

The legal issue, which relates both to sick leave benefits and to vacation pay, is not simple. Essentially it depends upon whether such payments may be deemed "advance payments of compensation" under D.C.Code § 36–315(j), which reads:

> If the employer has made advance payments of compensation, he shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due. All payments prior to an award, to an employee who is injured in the course and scope of his employment, shall be considered advance payments of compensation.

Thus, if a certain type of payment prior to an award under the Act is determined to be an advance payment of compensation, any payment up to that amount under the Act would be immediately recoverable by the employer as reimbursement, and the employee effectively recovers nothing in the circumstances presented here.[1]

The hearing examiner dismissed petitioner's claim solely on the authority of a prior

---

1. "Compensation" under the Act is defined as "the money allowance payable to an employee or

to his dependents as provided for in this chapter." D.C.Code § 36–301(6). "Wages" are de-

compensation order, *Buckley v. Wells Fargo Guard Servs., Inc.*, H & AS No. 85–33, OWC No. 0055502 (Nov. 29, 1985), which was said to hold that "sick leave benefits are advance payment of compensation." The Director affirmed the dismissal with brief discussion. She quoted the hearing examiner's citation to *Buckley* with approval. She further pointed out that the Act defines "disability" as "physical or mental incapacity because of injury which results in the loss of wages," D.C.Code § 36–301(8), and concluded that because "claimant didn't lose any wages, he did not have a disability" and thus could not recover under the Act.

The Director failed, however, to address the substantial arguments militating against a summary dismissal without further analysis.[2] To begin with, the holding in *Buckley* does not appear to be as sweeping as asserted in the order. It does not hold that all sick pay is necessarily an advance payment of compensation. To the contrary, the hearing examiner in *Buckley* took special note of the fact that the claimant's sick leave plan provided that "leave not taken during the year it accrued did not carry over to the following year," and hence the sick leave benefits paid to Buckley were an advance payment of compensation.[3] This language suggests that between the positions of allowing sick pay as a credit to the employer in every situation and of never allowing a credit, a possible middle ground exists which would allow a credit in certain cases, depending upon the facts in each case and most particularly the terms of the relevant sick leave plan.

Thus, although sick pay was credited in *Buckley*, that decision might not automatically require a credit in this case. As petitioner argued, the result here penalized petitioner for using his sick leave in light of the WMATA "buy-back" program. Under the WMATA system as asserted by petitioner, employ-

ees may "buy-back" used sick leave if they receive workers' compensation benefits. Because he was denied benefits, and thus could not "buy-back" his leave, petitioner could be considered as a practical matter to have effectively lost "wages" under the Act. Put another way, the requirement that a worker use his sick leave benefits to maintain his wages during the period he is out as a result of a job-related injury may, in practical effect, mean that he loses that protection if, later on, he loses time from work for, say, a non-job-related illness because his otherwise available sick benefits will be exhausted.

The Director's precise views on this matter are further clouded by the apparent difference in the Department's view of the proper treatment of sick pay and vacation pay during the period of a work-related injury. Although in *Buckley* a credit was given to the employer for sick pay, the Director in *Young v. Embassy Dairy*, H & AS No. 88–271, OWC No. 0009790, Dir. No. 88–91 (May 4, 1990), decided that vacation pay was not an advance payment of compensation entitling employers to a credit under the Act because "[a]ccrued vacation pay is not a present earning based on an injury; in essence, it is based on past service." *Young, supra* at 4. The authority cited by the Director states that "[a] second type of payment for which credit is usually disallowed is any kind of *sick pay or vacation pay* of which it can be said that the claimant's entitlement to the payment is based on past service rather than on the injury as such." 1C ARTHUR LARSON, THE LAW OF WORKMEN'S COMPENSATION § 57.46(c) (1993) (footnotes omitted; emphasis added). Petitioner argues that the logic of the *Young* decision supports a finding that, like vacation pay, sick pay is not an advance payment of compensation; in any event, no rationale has been presented by the Director to distinguish between the two apparently very similar situ-

fined as "the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury." D.C.Code § 36–301(19). Neither definition necessarily disposes of the precise issue presented here.

**2.** We do not agree with intervenor that the only issue presented by petitioner to the Director related to his right to a hearing.

**3.** Buckley's disability extended from October 20, 1984, and continued into 1985. He received four weeks of sick leave benefits in October and November 1984, for which the employer was given credit as "advance payments of compensation."

ations.[4]  Petitioner also calls attention to the detailed analysis of the hearing examiner in *Le Nguyen v. George Washington Univ.*, H & AS No. 87–515A, OWC No. 0058336 (May 11, 1992).  That decision specifically held after close analysis that sick pay was not an advance payment of compensation and declined to follow *Buckley.*[5]

## II.

"[T]he function of the court in reviewing administrative action is to assure that the agency has given full and reasoned consideration to all material facts and issues." *Tenants Council of Tiber Island–Carrollsburg Square v. District of Columbia Rental Accommodations Comm'n,* 426 A.2d 868, 872 (D.C.1981) (quoting *Dietrich v. District of Columbia Bd. of Zoning Adjustments,* 293 A.2d 470, 473 (D.C.1972)).  Full consideration and reasoned exposition of all the issues in a legal interpretation by the agency of its own statute is particularly important because of the marked deference given to such interpretations.  As we have often stated, we will generally reverse in such circumstances only where the decision is contrary to the plain meaning of the statute or is otherwise unreasonable.  *See, e.g., Timus v. District of Columbia Dep't of Human Rights,* 633 A.2d 751, 758–59 (D.C.1993) (en banc; per curiam); *MCM Parking Co. v. District of Columbia Dep't of Employment Servs.,* 510 A.2d 1041, 1043–44 (D.C.1986).  In light of these principles, we think it inadvisable for this court to attempt to review the issue on this record without a clearer exposition by the agency of its statutory analysis in light of the facts of this case and the broader considerations presented by the issue.  *See Ward v. Anderson,* 93 U.S.App.D.C. 156, 159, 208 F.2d 48, 50 (1953).

*Vacated and remanded.*

---

4.  The intervenor argues that *Young* is irrelevant because it focused solely on vacation pay.  We note, however, that the Director in *Young* allowed benefits under the Act although according to the Director's analysis in the case before us, Young had lost no wages and thus would not be disabled under the Act.

5.  Unfortunately the decision in *Le Nguyen* was made on the same day as the Director's decision here, so neither decision maker had access to the conclusions of the other.