717 A.2d 329 (1998)
Alvin W. LONG, Jr., Petitioner,
v.
DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.
Plaza Realty Investors and CNA Insurance Company, Intervenors.
No. 97-AA-1728.
District of Columbia Court of Appeals.
Argued June 23, 1998.
Decided August 27, 1998.
Benjamin T. Boscolo, Greenbelt, MD, for petitioner.
Stuart L. Plotnick, Silver Spring, MD, for intervenors.
Jo Anne Robinson, Interim Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, filed a statement in lieu of brief for respondent.
Before TERRY, KING, and RUIZ, Associate Judges.
TERRY, Associate Judge:
Petitioner, Alvin Long, seeks review of a decision by the Department of Employment Services ("DOES") granting him a supplemental allowance under D.C.Code § 36-306 but limiting it to the annual percentage increases in the maximum compensation rate as determined under D.C.Code § 36-305. Intervenors, Plaza Realty Investors and its insurance carrier (collectively "the employer"), agree that DOES erred in calculating Long's supplemental allowance, but contend that D.C.Code § 36-306(d) imposes a cap on the amount that Long may receive for 1992 and all subsequent years. Because the agency's reading of D.C.Code § 36-306 does not enable us properly to review its decision, we remand the case to DOES so that it may construe the statute in the first instance.

*330 I
In 1979 Mr. Long went to work for Plaza Realty as a boiler engineer. While at work on September 2, 1986, he fell off a ladder and injured his shoulder. As a result of that injury, Mr. Long has not been able to return to work. Beginning on the date of the injury, Long received temporary total disability benefits in the amount of $320.00 per week.[1] On April 26, 1993, a DOES hearing examiner found him to be permanently and totally disabled and awarded him permanent and total benefits, still in the amount of $320.00 per week,[2] from April 16, 1991, to the present and continuing.
On June 4, 1997, another hearing examiner awarded Mr. Long a supplemental allowance from 1992 to the present and continuing. However, instead of determining Long's allowance in the manner prescribed by D.C.Code § 36-306 (1997), the examiner ruled that the yearly percentage increases in the maximum rate for all compensation awards "govern claimant's entitlement to supplemental allowance beginning in the year 1992 to the present and continuing." The Director, without construing the applicable statutory provisions, affirmed the hearing examiner's order.

II
This case involves the interpretation of two separate statutes, D.C.Code § 36-305 and D.C.Code § 36-306. Section 36-305 provides in part:
(b) Compensation for disability or death shall not exceed the average weekly wages of insured employees in the District of Columbia or $396.78, whichever is greater.
* * * * * *
(d) For the purposes of this section, the average weekly wage of insured employees in the District of Columbia shall be determined by the Mayor as follows: on or before November 1st of each year, the total wages reported on contribution reports for employees, excluding employees of the government of the District of Columbia, and the government of the United States, to the District Unemployment Compensation Board for the year ending on the preceding June 30th shall be divided by the average monthly number of such employees.... The average annual wage thus obtained shall be divided by 52 and the average weekly wage thus determined rounded to the nearest cent. The average weekly wage as so determined shall be applicable for the year beginning the following January 1st.
Therefore, after fixing a claimant's compensation rate under D.C.Code § 36-308, DOES must ensure that the rate does not exceed the maximum allowable award. D.C.Code § 36-305 establishes the means to determine that maximum award, which is calculated on a yearly basis according to the average weekly wage for insured employees in the District of Columbia. DOES has prepared a table listing the maximum compensation rates from 1982 through 1996 and the percentage amount by which the maximum rate increased from year to year.[3] That table provides the following maximum compensation rates and their percentage increases:

 MAX. PERCENTAGE
 YEAR COMP INCREASE
 RATE
 1/01/86 $431.70 4.46208%
 1/01/91 $584.10 5.9%
 1/01/92 $613.09 5.0%
 1/01/93 $647.84 5.668%
 1/01/94 $679.17 4.836%
 1/01/95 $701.52 3.29078%
 1/01/96 $723.34 3.11038%
 1/01/97 $748.83 3.5%

Once a person's award has been calculated, it remains fixed and is not adjusted to reflect *331 the yearly increases in the maximum compensation rate. Instead, under D.C.Code § 36-306, persons who have been adjudged to be totally and permanently disabled[4] receive an additional allowance designed to supplement their total award in order to account for increases in the average weekly wage. D.C.Code § 36-306 provides:
(a) When the average weekly wage has changed as provided for in § 36-305, any person who has been totally and continuously disabled or any widow or widower who is receiving payments for income benefits under this chapter in amounts per week less than the new maximum for total disability or death shall receive weekly from the carrier, without application, an additional supplemental allowance calculated by the Mayor in accordance with the provisions of subsections (b) and (c) of this section; provided, that such allowance shall not commence to accrue and be payable until the average weekly wage exceeds $396.78. The Mayor shall notify the carrier of the amount of such additional supplemental allowance.
(b) In any case where a totally disabled person, or widow or widower is receiving the maximum weekly income benefit applicable at the time such award was made under this chapter, the supplemental allowance shall be in amount which, when added to such award, will equal the new maximum weekly benefit.
(c) In any case where a totally disabled person, or widow or widower is receiving less than the maximum weekly income benefit rate applicable at the time such award was made under this chapter, the supplemental allowance shall be an amount equal to the difference between the amount the claimant is presently receiving and a percentage of the new maximum determined by multiplying it by a fraction, the numerator of which is his present award and the denominator of which is the maximum weekly rate applicable at the time such award was made.
(d) No supplemental allowance referred to in subsections (b) and (c) of this section shall exceed 5% of the maximum weekly benefit received the preceding benefit year.
Because Mr. Long's original benefit rate ($320.00) was less than the maximum amount at the time the award was made ($431.70), his supplemental allowance should have been calculated under subsection (c) of D.C.Code § 36-306.
The hearing examiner, however, instead of using the formula set forth in section 36-306(c), concluded that the applicable calculation "does not comport with the provisions of § 36-306, which is controlling in the instant case," and ordered that Mr. Long's allowance be based on the yearly percentage increases contained in the maximum compensation rate table.[5] Therefore, under the examiner's method of calculation, Mr. Long would receive an additional allowance in the amount of 5 percent of $320.00 in 1992, 5.6 percent of $320.00 in 1993, 4.83 percent in 1994, and so on. The Director affirmed the examiner's order without analyzing the language of either D.C.Code § 36-305 or § 36-306.[6]

III
We ordinarily give considerable deference to an administrative agency's interpretation of a statute that it administers. E.g., Smith v. District of Columbia Dep't of Employment Services, 548 A.2d 95, 97 (D.C. 1988) (citing cases); Lee v. District of Columbia Dep't of Employment Services, 509 *332 A.2d 100, 102 (D.C.1986). At the same time, however, if it appears that the agency has not made an attempt to construe a statutory provision, we will not defer to its legal conclusions relating to the statute.
No deference is appropriate ... where the agency has failed to identify the question of statutory construction to be addressed.... It would be incongruous to accord substantial weight to an agency's interpretation of a statute where the record is barren of any indication that the agency gave any consideration at all to the statutory language or to the structure or purpose of the provisions which were ostensibly being construed.
Coumaris v. District of Columbia Alcoholic Beverage Control Board, 660 A.2d 896, 899-900 (D.C.1995). Thus in Coumaris we remanded the case for further proceedings when it appeared that the agency had failed to consider the pertinent statutory language. In essence, if the agency fails to construe a statute, "there is simply no administrative construction to which this court may accord any weight," and we must remand for further legal analysis. Zenian v. District of Columbia Office of Employee Appeals, 598 A.2d 1161, 1166 (D.C.1991) (footnote omitted); see Mushroom Transportation v. District of Columbia Dep't of Employment Services, 698 A.2d 430, 433 (D.C.1997).
We think it is clear, and the parties agree, that D.C.Code § 36-306 (not section 36-305) governs supplemental allowances. Therefore, this case presents two issues of statutory interpretation: first, how to calculate Mr. Long's supplemental allowance under D.C.Code § 36-306(c), and second, whether D.C.Code § 36-306(d) applies to the first year in which a recipient is qualified to receive a supplemental allowance. When reviewing DOES decisions, we evaluate the final decision of the Director, not that of the examiner. St. Clair v. District of Columbia Dep't of Employment Services, 658 A.2d 1040, 1043-1044 (D.C.1995). Thus we look to the Director for an administrative construction of the applicable statutory language. In the present case, however, the Director adopted the examiner's order virtually without comment and did not interpret the statute or state how it might bear on either of the legal issues now presented on review. As a result, there is no administrative construction for us to consider.
In these circumstances "we think it inadvisable for this court to attempt to review the issue on this record without a clearer exposition by the agency of its statutory analysis in light of the facts of this case and the broader considerations presented by the issue." Gay v. District of Columbia Dep't of Employment Services, 644 A.2d 1326, 1328 (D.C.1994) (citation omitted). Consequently, we must remand the case to the agency for further proceedings. Coumaris, supra, 660 A.2d at 902; Zenian, supra, 598 A.2d at 1166. On remand, the agencyi.e., the Directorshall (1) recalculate Mr. Long's award under D.C.Code § 36-306(c)[7] and (2) decide whether D.C.Code § 36-306(d) applies to the first year in which a recipient receives a supplemental allowance. The latter decision is crucial to the disposition of this case. We leave it to the Director, in her discretion, to determine whether further proceedings before the hearing examiner are necessary or desirable.
Vacated and remanded.
NOTES
[1] D.C.Code § 36-308(2) (1997) provides: "In case of disability total in character but temporary in quality, 662/3% of the employee's average weekly wages shall be paid to the employee during the continuance thereof." Mr. Long's average weekly wage at the time of his injury was $480.00; his compensation rate was thus established at $320.00 per week.
[2] The compensation rate for total and permanent disability is the same as that for total and temporary disability. See D.C.Code § 36-308(1) (1997).
[3] Although the table is in the record before this court, it appears not to have been officially published in the form of a regulation.
[4] See Hively v. District of Columbia Dep't of Employment Services, 681 A.2d 1158, 1163 (D.C. 1996) (interpreting the phrase "totally and continuously disabled" in D.C.Code § 36-306 to mean totally and permanently disabled).
[5] There appears to have been considerable confusion about the applicable statutory provisions. The hearing examiner, stating that the methods of calculating supplemental allowances were prescribed by D.C.Code § 36-305 rather than D.C.Code § 36-306(b) and (c), rejected the applicable method of calculating Mr. Long's allowance under the mistaken belief that it would be contrary to D.C.Code § 36-306 to do so.
[6] The Director also miscited the applicable statutory provisions. She named D.C.Code § 36-305 as the provision governing the calculation of supplemental allowances (when in fact it is section 36-306) and referred erroneously to the maximum compensation rate table as "the supplemental benefit chart."
[7] The examiner in his order set forth Mr. Long's arithmetic, using the formula prescribed by D.C.Code § 36-306(c). The result of Long's calculation, however, yields a different result from that of the employer using the same formula. Since they cannot both be correct, we direct the agency to recalculate the award ab initio.